# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                   Criminal No. 07-297(2) (DWF/JSM)

      Plaintiff,

v.                                         **ORDER AND MEMORANDUM**

Nathan Lamont Dixon
a/k/aNasty,

      Defendant.

---

David P. Steinkamp and Michael L. Cheever, Assistant United States Attorneys, United States Attorney's Office, counsel for Plaintiff.

Nathan Lamont Dixon, *Pro Se*, Defendant.

---

      Defendant Nathan Lamont Dixon ("Defendant") has moved the Court, *pro se*, pursuant to 18 U.S.C. § 3582(c) for a sentencing reduction under the revised retroactive amendments to the United States Sentencing Guidelines applicable to crack cocaine cases.

      Based upon the presentations of the parties, the Court having again reviewed the contents of the file, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. For the reasons stated in the memorandum below, Defendant Nathan Lamont Dixon's motion for a reduction of sentence (Doc. No. [659]) is respectfully **DENIED**.

Dated: July 18, 2012     s/Donovan W. Frank
                          DONOVAN W. FRANK
                          United States District Judge

**MEMORANDUM**

On February 1, 2008, the Defendant pled guilty to Count 1 of a 40-count Indictment charging him with conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. Importantly, the parties stipulated in the Plea Agreement (¶ 5) that Defendant is responsible for "at least 1.5 kilograms, but less than 4.5 kilograms" of cocaine base, making the base offense level 36. Defendant received a three-level reduction for "acceptance of responsibility" pursuant to U.S.S.G. § 3E1.1. Accordingly, with an adjusted offense level of 33 and a criminal history score of III, the Defendant's applicable advisory guideline range was 168 to 210 months. However, the Defendant was also subject to a mandatory minimum statutory penalty of ten years pursuant to 21 U.S.C. § 841(b)(1)(A).

The Defendant was sentenced by the Court on February 19, 2009. The Defendant moved for a downward variance and departure from the guideline range of 168 to 210

months.  The Court sentenced the Defendant to 120 months imprisonment to be followed by a five year term of Supervised Release.  The imprisonment term of 120 months imposed by the Court represented the statutory mandatory minimum sentence required pursuant to 21 U.S.C. § 841(b)(1)(A).

The Defendant's *pro se* motion for a sentence reduction is based upon the Fair Sentencing Act of 2010 ("FSA") and Amendments 750 and 759 to the Sentencing Guidelines, which became effective November 1, 2011, and did lower the base offense levels applicable to certain cocaine base ("crack") offenses.

Defendant is now before the Court seeking a sentence reduction and requests that the Court apply the FSA to his case and to all cases, regardless of when the offense occurred and when the Court imposed sentence.  However, there remains no relief to a Defendant whose Sentencing Guidelines range is trumped or otherwise controlled by a statutory mandatory minimum.  *United States v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008).  In this case, the Defendant's statutory minimum of 120 months has not been lowered by the FSA and therefore the Defendant is not entitled to a sentence reduction.

To be fair to the Defendant, the Court has also construed his pleading as a request that the increase in the amount of crack cocaine needed to invoke or otherwise trigger a 10-year statutory mandatory minimum, resulting from the enactment of the Fair Sentencing Act of 2010, applies to his case.  Nevertheless, the Defendant is not the first similarly situated defendant to raise this issue, and the Eighth Circuit has consistently held that the FSA is not retroactive.  *United States v. Woods*, 642 F.3d 640, 644-45 (8th

Cir. 2011); *United States v. Neadeau*, 639 F.3d 453, 456 (8th Cir. 2011); *United States v. Brewer*, 624 F.3d 900, 909-10 n.7 (8th Cir. 2010) (Bright, J., concurring in part and dissenting in part).  The Court also notes, that at least ten other circuit courts have held that the FSA is not retroactive to defendants who were sentenced prior to the effective date of the FSA.  *United States v. Goncalves*, 642 F.3d 245, 253 (1st Cir. 2011) (collecting cases).  Because Defendant was sentenced on February 19, 2009, the FSA does not apply to his case, and, therefore, Defendant is not entitled to a sentence reduction below the statutory mandatory minimum of 120 months.[1]  Here, the Defendant committed the crime and was sentenced before the FSA went into effect.  However, even if the FSA applied to Defendant's case, given the quantity of crack cocaine that the Defendant admitted to, namely more than 1.5 kilograms of cocaine base ("crack"), the ten year mandatory minimum would remain the same for the Defendant.  The FSA, which took effect on August 3, 2010, reduced the disparity to 18:1 between the amounts of crack cocaine and powder cocaine needed to trigger the statutory minimums from 100:1 disparity.  Consequently, even if the new mandatory minimums did apply, the increased amount of crack cocaine needed to trigger the ten year mandatory minimum went from 50 to 280 grams of cocaine base.  More than 1.5 kilograms far exceeds 280 grams.

---

[1]   Admittedly, the United States Supreme Court, in *Dorsey v. United States*, No. 11-5683, slip op. 1, 10 (June 21, 2012), recently held that the FSA applies where a defendant committed a crime before, but was sentenced after, the FSA went into effect. *See also United States v. Gamble*, No. 11-2228 (8th Cir. July 10, 2012) (holding that the district court erred in not applying the FSA to the defendant's sentencing proceedings).

For these reasons, the Court has respectfully denied Defendant's motion for a reduction of sentence pursuant to 18 U.S.C. § 3582(c).

D.W.F.